UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FRANKLIN CLARK, | ) | 3:14CV1370 |
| | ) | |
| Petitioner | ) | JUDGE BENITA Y. PEARSON |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| KEVIN JONES, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

McHARGH, MAG. J.

The petitioner William Franklin Clark ("Clark") has filed a petition pro se for a writ of habeas corpus, arising out of his 2010 convictions for attempted kidnapping and attempted felonious assault in the Lucas County (Ohio) Court of Common Pleas. In his petition, Clark raises four grounds for relief, which can be summarized as:

    1. Ineffective assistance of trial counsel [failure to present mitigating evidence; speedy trial waivers; manipulated plea].

    2. Ineffective assistance of trial counsel [failure to investigate alibi witnesses].

    3. Trial court erred in violation of Ohio Rev. Code § 2945.37 and the 14th Amendment by failing to hold a competency hearing.

    4. "Plea was not made knowingly, intelligently and voluntarily; competency was never determined, stipulated to, nor was a hearing for competency held."

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 7), and Clark has filed a response (doc. 10). Currently before the court is Clark's Motion to Order Respondent to provide Presentence Investigation Report. (Doc. 11.) The respondent has filed a brief in opposition. (Doc. 12.)

Rule 5(c) of the Rules Governing Section 2254 Cases provides, in relevant part: "The respondent must attach to the answer parts of the transcript that the respondent considers relevant." The judge may order additional portions to be provided. The respondent is also required to file any briefs, opinions, and dispositive orders relating to the contested conviction or sentence. Rule 5(c) of the Rules Governing Section 2254 Cases. The respondent has submitted the state court record. (Doc. 7, exhibits.)

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition. The decision whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *Ashworth v. Bagley*, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio Mar. 28, 2002) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.), *cert. denied*, 488 U.S. 928 (1988)). However, expansion of the record must not undermine the presumption of correctness of any factual finding made by the state courts. *Id.* at *13 (citing 28 U.S.C. § 2254(e)(1)). A petitioner may not seek to overcome an

adverse state court decision with new evidence introduced in a federal habeas court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 (2011).

Clark's motion asserts that a copy of his presentence investigation report should be part of the record in this habeas proceeding "so that he can determine potential assignments of error on appeal," and that Ohio Rev. Code § 2951.03 demonstrates the legislature's intent that he should have access to this report to meaningfully challenge his sentence on appeal. He also states that "Clark's condition at time of trial is an issue raised upon appeal . . . [specifically], the issue of competency to stand trial." (Doc. 11, at 1.)

The respondent notes that, under Ohio law, Clark and his counsel were entitled to view portions of the presentence report prior to sentencing, but that all copies of the report are to returned to the court after sentencing. (Doc. 12, at 2.) A defendant is not entitled to receive a copy of his presentence report after conviction. (Doc. 12, at 2, citing State v. Dietz, 89 Ohio App.3d 69, 623 N.E.2d 613 (Ohio Ct. App. 1993).) The respondent points out that the record indicates the counsel for Clark did review the report. (Doc. 12, at 1, citing Sentencing Tr., at 3.)

More importantly, the respondent argues that Clark's condition at sentencing is irrelevant to the four grounds he raises in his habeas petition. (Doc. 12, at 4.) See generally Williams v. Trombley, No. 05-CV-71580, 2007 WL 3124677, at *1 (E.D. Mich. Oct. 25, 2007) (petitioner must show specific need for materials); United States ex rel. Williams v. Delaware, 427 F.Supp. 72, 73-74 (D. Del. 1976); Bozeman v. United States, 354 F.Supp. 1262, 1263 (E.D. Va. 1973).

3

The petitioner is reminded that the task of a federal habeas court is not to retry his case, nor to overturn state court judgments by substituting the judgment of this court. *Neace v. Edwards*, No. 02-4079, 2005 WL 1059274, at *6 (6th Cir. May 6, 2005) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). Federal district courts are not simply another level of "appellate tribunals to review alleged errors in state court judgments of conviction." *Baker v. Reid*, 482 F.Supp. 470, 471 (S.D. N.Y. 1979).

Rather, the question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). The documents and exhibits filed by the respondent appear satisfactory to allow the court to make that determination.

The motion to expand the record (doc. 11) is DENIED.

IT IS SO ORDERED.

Dated:  Feb. 6, 2015               /s/ Kenneth S. McHargh
                                                                 Kenneth S. McHargh
                                                                 United States Magistrate Judge