UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CLARK, | ) | 3:14CV1370 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE BENITA PEARSON |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| KEVIN JONES, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner William Franklin Clark ("Clark") has filed a petition pro se for a writ of habeas corpus, arising out of his 2010 conviction for attempted kidnapping and attempted felonious assault in the Lucas County (Ohio) Court of Common Pleas.   In his petition, Clark raised four grounds for relief, summarized as:

1.  Ineffective assistance of trial counsel.

2.  Ineffective assistance of trial counsel.

3.  Trial court erred in failing to hold competency hearing.

4.  Guilty plea was not made knowingly, intelligently, and voluntarily.

(Doc. 1, § 12.)  The respondent has filed a Return of Writ (doc. 7), and the petitioner filed a Traverse (doc. 10).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural

background:

> According to appellant's wife, on September 15, 2009, appellant
> attacked her while she was in the bathroom of the couple's Toledo
> home.  Appellant's wife later told police that appellant placed her on
> the floor, assaulted her with a plastic coat hanger and tried to set fire
> to her clothing.  When the couple's child attempted to enter the
> bathroom, appellant kicked the door shut, then broke a magazine rack,
> threatening his wife with a stick from the rack.  When appellant's wife
> fought back, he struck her in the face with the piece of wood.
>
> According to appellant's wife, he then let her go from the bathroom and
> proceeded to talk on the cell phone for several hours.  The next
> morning appellant's wife took their child to school after an admonition
> from appellant for her not to tell anyone what happened or "I will hit
> you with a baseball bat or kill you."
>
> On September 19, according to his wife, appellant placed a knife to her
> neck, insisting that she call his boss to demand money.  After his wife
> spoke to appellant's boss, appellant became angry and began
> destroying things.  He threw the knife and a laptop computer at his
> wife and then slammed the laptop into his wife's head.  He then
> collected several knives and demanded his wife drive him to work.
> During the drive appellant attempted to steer the car into the path of
> an oncoming truck.  When appellant left the car at his workplace, his
> wife called his boss and asked that he be detained.  She then contacted
> police.
>
> On October 10, 2009, the Lucas County Grand Jury handed down a
> four count indictment, charging appellant with kidnapping, a first
> degree felony, attempted felonious assault, a third degree felony,
> felonious assault, a second degree felony, and domestic violence, a first
> degree misdemeanor.  Appellant initially entered a plea of not guilty to
> all counts, but, following negotiations, agreed to plead no contest to an
> amended attempted kidnapping charge, a second degree felony, and
> attempted felonious assault, a third degree felony.  The remaining
> counts were to be dismissed.

2

On February 23, 2010, following a hearing, the trial court accepted appellant's plea, found him guilty of the amended charges and ordered a presentencing investigation.  On March 9, 2010, the trial court sentenced appellant to a seven year term of incarceration for the attempted kidnapping and a five year term for the attempted felonious assault.  The court ordered that the sentences be served consecutively.

(Doc.7, RX 15, at 2-3; State v. Clark, No. L-10-1092, 2011 WL 4337843, at *1 (Ohio Ct. App. Sept. 16, 2011).)

Prior to changing his plea, at a Nov. 10, 2009, pretrial proceeding, defense counsel had asked the court to refer Clark "for the preparation of a competency evaluation" based on information contained in his file.  (Doc. 7-4, tr., at 3.)  The court agreed to a referral "for a full competency evaluation," and defense counsel then also requested general health evaluation.  (Doc. 7-4, tr., at 3-4.)  The prosecutor agreed:  "There appears to be a psychiatric history so a general psychiatric workup and as well a competency evaluation."  (Doc. 7-4, tr., at 4.)  The court then stated, "Matter will be ordered for full competency evaluation as well as a general mental health evaluation."  Id.  See also doc. 7, RX 3.

However, when the court resumed pretrial proceedings on Dec. 7, 2009, defense counsel informed the court that "a general evaluation was prepared on Mr. Clark," and requested that the report become part of the record.  (Doc. 7-5, tr., at 3.)  The hearing continued:

THE COURT:  Did we arraign him prior to ordering this?

[DEFENSE COUNSEL]  MS. ROMAN:  We did, and this wasn't actually for competency if the Court recalls.

3

THE COURT:  Just a mental health evaluation.

MS. ROMAN:  Correct.

[PROSECUTOR] MR. SORG:  Judge, that's correct, and I have no objection to that report being entered . . .

(Doc. 7-5, tr., at 3-4.)

The court then admitted without objection "the report that was offered [authored?] December 3rd, 2009 by Charlene Cassel PhD." (Doc. 7-5, tr., at 3-4.) The record before this court reflects that Dr. Cassel did in fact conduct both a psychological examination and a competency evaluation of Clark.  (Doc. 7, RX 5.) The psychological exam revealed that Clark had a history of manic behavior, and recommended that he continue with mental health treatment.  (Doc. 7, RX 5, exh. A, at 9-10.)  Dr. Cassel's competency evaluation opined that Clark's Bipolar Disorder was currently under control due to his medication.  (Doc. 7, RX 5, exh. B, at 7.)  Dr. Cassel's opinion was that, in spite of a mental disorder, Clark was "presently capable of understanding the nature and objective of the proceedings against him and of presently assisting his attorney in providing for a defense." (Doc. 7, RX 5, exh. B, at 7-8.)

In his traverse, Clark disputes that the competency evaluation was admitted into evidence.  He contends that the trial court "only acknowledges admitting an Exhibit A [the mental health evaluation]." (Doc. 10, at 4.)  However, the trial court did not admit "an Exhibit A" (doc. 10, at 4), but rather admitted "the report that was offered [sic] December 3rd, 2009 by Charlene Cassel PhD." (Doc. 7-5, at 4.)

4

The factual findings made by the state courts are presumed correct, and the presumption of correctness may be rebutted by the petitioner only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See, e.g., Lorraine, 291 F.3d at 422; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and that presumption of correctness extends to factual findings of a state appellate court based on the state trial record. Bowling v. Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004) (citing Sumner v. Mata, 449 U.S. 539, 546-547 (1981)).

The state court of appeals specifically found that: "On December 3, 2009, clinical psychologist Charlene A. Cassel submitted a report to the court concluding that appellant was competent to stand trial. " (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *1.) This court must assume that the appellate court's statement was based on the trial court record before it, and thus both sections of Dr. Cassel's two-part Dec. 3, 2009, report had been admitted into the record. Clark has not submitted clear and convincing evidence which would overcome the presumption of correctness in the state court's factual recitation.

Clark filed a timely appeal of his conviction, and raised the following two assignments of error:

1. The Trial Court imposed a sentence contrary to law.

2. The Trial Court abused its discretion in sentencing Appellant to near maximum consecutive sentences.

5

(Doc. 7, RX 13.)  The court of appeals affirmed the judgment of the trial court.  (Doc. 7, RX 15; Clark, 2011 WL 4337843.)

Clark timely appealed pro se to the Supreme Court of Ohio, putting forth the following propositions of law:

> 1.  The courts are bound by the statutes erected by the General Assembly and the dictates of the United States Supreme Court pursuant to the Ohio and U.S. Constitutions respectively, and, therefore, the court imposed a sentence contrary to law.
>
> 2.  As a result of the errors ascribed in Foster and acknowledged in Hodge in deference to Oregon v. Ice, the court unreasonably sentenced Appellant to maximum and near maximum sentences in addition to consecutive sentences.  Cases on direct appeal since Foster, Oregon v. Ice and the Hodge rulings, should be remanded for re-sentencing if defendants are found to be adversely effected by these errors.

(Doc. 7, RX 17.)  On Feb. 1, 2012, the state high court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 18; State v. Clark, 131 Ohio St.3d 1438, 960 N.E.2d 987 (Ohio 2012).)

Clark filed a Rule 26(B) application to reopen his appeal on Dec. 8, 2011, based on ineffective assistance of appellate counsel.  (Doc. 7, RX 19.)  Clark argued counsel was ineffective for failing to raise the following assignments of error on direct appeal:

> 1.  The trial court erred when the issue of competency was raised before trial and it did not hold a competency hearing before trial, constituting a constitutional error.  R.C. 2945.37(B), 14th Amendment to the U.S. Constitution.
>
> 2.  The trial court erred when it lost its way after ordering, before trial, a competency evaluation, and failed to conduct a competency hearing within 10 days after the competency report was filed on the record,

6

before trial.  R.C. 2945.37(C), 14th Amendment to the U.S. Constitution.

3.  Trial counsel erred because when circumstances clearly indicate defense counsel should request a competency hearing under R.C. 2945.37, failure of defense counsel to do so constitutes ineffective assistance of counsel.  6th Amendment to the U.S. Constitution.

4.  The appellate counsel failed to argue that the trial attorney did not raise Allied Offenses which would have reduced the length of time of [sic] the Appellant received at sentencing.  The Appellate Counsel then failed to introduce the Allied Offenses issue during the direct appeal, himself, which would have also reduced the length of time the Appellant received at sentence.  R.C. 2941.25(A).

5.  The appellate counsel raised issues clearly contrary to law, and refused to argue ineffective assistance of trial counsel.  Taken in part or in whole, this demonstrates ineffective assistance of Appellate counsel.  6th Amendment to the U.S. Constitution.

(Doc. 7, RX 19.)

The court of appeals granted Clark's application to reopen his appeal (doc. 7,

RX 20), and appointed counsel for Clark, who then filed a brief raising the following

assignments of error:

1.  Trial court erred, in violation of appellant's rights under R.C. 2945.37, the Fourteenth Amendment to the United States Constitution, and Article One, Section Sixteen of the Ohio Constitution, by failing to hold a competency hearing after the issue of appellant's competency was raised.

2.  Appellant was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution as trial counsel was ineffective in assuring that appellant's no contest plea was made knowingly and voluntarily.

3.  Trial court erred in sentencing appellant to consecutive sentences as the offenses were allied offenses of similar import and therefore should have been sentenced as one offense.

7

(Doc. 7, RX 21.)  The court of appeals overruled Clark's assignment of errors, and affirmed the judgment of the lower court.  (Doc. 7, RX 24; State v. Clark, No. L-10-1092, 2013 WL 872410 (Ohio Ct. App. Mar. 8, 2013).)

Clark appealed that decision to the Supreme Court of Ohio, setting forth the following propositions of law:

> 1.  A competency hearing is mandatory when  prosecutor, or defense raise the issue of defendant's competence to stand trial before the trial has commenced; the court shall hold a hearing on the issue pursuant to R.C. 2945.37.  When there is indicia of incompetence, the court must determine competency on the record pursuant to R.C. 2945.37, the 14th Amendment to the United States Constitution and Article One, Section 16 of the Ohio Constitution.
>
> 2. Defendant counsel provides Ineffective assistance of counsel when raising the competency issue and failing to maintain the issue by misdirecting the court upon the issue of competency.  When indicia of incompetence exists both on the record and in her possession in the form of medical evidence that in good faith should have been introduced at a competency hearing pursuant to R.C. 2945.37 defendant counsel is ineffective.  Sixth  Amendment to the United States Constitution.
>
> 3.  A defendant who has been sent by the court for competency evaluation to determine competence before trial under R.C. 2945.37, and who's competency has not been stipulated to, may not waive constitutionally protected rights until his competence has been determined by the court and established by hearing.  Likewise, defendant in such a situation may not unwillingly, unknowingly, or unintelligently make a plea.  Due Process Rights, 14th Amendment to the United States Constitution.

(Doc. 7, RX 26.)  On July 24, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  (Doc. 7, RX 27; State v. Clark, 136 Ohio St.3d 1450, 991 N.E.2d 257 (Ohio 2013).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

9

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## III.  PROCEDURAL DEFAULT

The respondent contends that the second, third, and fourth grounds of the petition should be denied as procedurally defaulted, and that the first ground is defaulted in part.  (Doc. 7, at 9-16.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of

10

the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 558 U.S. 996 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state

11

procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Any claims that Clark could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

## A.  Second Ground:  Ineffective Assistance of Counsel

The second ground of the petition is:

Ineffective assistance of Counsel failure to investigate witnesses, alibi.
Affidavits from three witnesses supporting an alibi and directly
contrary to the information provided to the court and used to convict
defendant.  Affidavits also maintain Clark's attorney did not contact
them or interview them for investigation.  Newly discovered evidence
from 3 witnesses.  Extent of lack of investigation was not known to
Clark until June 2014 due to circumstances out of his control.  Clark's
other lawyers should have discovered this if they had themselves made
any attempt to interview Clark and collaborate the claims he has
always maintained on record.

The respondent finds that the ground encompasses both ineffective

assistance of trial counsel, in Clark's allegations that counsel failed to interview

alibi witnesses, and ineffective assistance of appellate counsel, in Clark's

allegations that his "other lawyers" did not investigate.  In any event, the

respondent contends that Clark failed to fairly present either subclaim in the state

courts.  (Doc. 7, at 12-13.)

Although Clark raised a claim of ineffective assistance on appeal, he argued

the claim on a different basis.  The only argument in his petition which was

presented to the state high court was that counsel was ineffective on the basis of not

pursuing the competency issue thoroughly.  (Doc. 7, RX 26, at 6-10, 12.)

The Sixth Circuit has held that "the doctrine of exhaustion requires that a

claim be presented to the state courts under the same theory in which it is later

presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see

also Brandon v. Stone, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15,

13

2007) (citing Williams v. Bagley, 380 F.3d 932, 969 (6th Cir. 2004)). Those aspects of the ineffective assistance claim which Clark did not raise on direct appeal have not been exhausted.

Clark cannot return to state court to exhaust this claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998). State law no longer would permit Clark to raise this particular claim, hence it is defaulted. See Williams, 460 F.3d at 806; Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007).

Clark asserts that he "raised his underlying claims as to the issues as they pertain to competency," but does not claim that he raised the ineffective assistance argument as it pertains to alibi witnesses. (Doc. 10, at 9.) Clark has failed to demonstrate that there was cause for his failure to exhaust this ground. See generally doc. 10. The second ground of the petition has been procedurally defaulted.

B. Third Ground: Trial Court Erred in Failing to Hold Competency Hearing

The third ground of the petition is:

Trial court erred in violation of R.C. 2945.37 and 14th Amendment U.S. Constitution failure to hold a competency hearing before trial once issue is [breached] before trial competency evaluation is ordered, and defendant never gets the opportunity to go to trial. Ineffective

14

counsel was a key factor in the court's mistake in losing its way.
Defendant exhibited signs of incompetence on the record:  Maintaining
speedy trial rights yet signs time waivers under his own false logic
that they were giving him a speedier trial at the behest of trial judge
and ineffective counsel.

The respondent contends that this ground is procedurally defaulted, because

"Clark did not fairly present this specific claim on this specific factual and legal

theory in the state court."  (Doc. 7, at 13.)

In his re-opened appeal, Clark's first assignment of error was:

Trial court erred, in violation of appellant's rights under R.C. 2945.37,
the Fourteenth Amendment to the United States  Constitution, and
Article One, Section Sixteen of the Ohio Constitution, by failing to hold
a competency hearing after the issue of appellant's competency was
raised.

(Doc. 7, RX 21.)  Clark argued that the right to a hearing on the issue of competency

rises to the level of a constitutional guarantee where the record contained sufficient

indicia of incompetence.  (Doc. 7, RX 21, at 4, citing State v. Berry, 72 Ohio St.3d

354, 359, 650 N.E.2d 433 (1995), cert. denied, 516 U.S. 1097 (1996).)  Clark asserted

that his competence was raised by defense counsel and the prosecutor, and a

psychiatric evaluation was ordered by the court, but a hearing was not held.  (Doc.

7, RX 21, at 5.)  He claimed that his due process rights were violated when he was

not afforded a hearing to determine his competence to stand trial, because there

were sufficient indicia of incompetence in the record.  Id.

Trial counsel, after receiving discovery, had requested a competency

evaluation, based on "some information in the file."  The prosecutor noted that there

15

was a psychiatry history, so recommended "a general psychiatric workup and as well a competency evaluation."  (Doc. 7, RX 21, at 8.)  No mention is made in Clark's appellate brief as to his speedy trial waiver, as an indicia of incompetence.  (Doc. 7, RX 21, at 8-13.)

The state court of appeals addressed the issue as follows:

[Ohio Revised Code §] 2945.37(B) provides:

> In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial.  If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section.  If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

In this case, it is undisputed that the defense raised the issue of appellant's competence before trial.  The trial court then referred appellant to the Court Diagnostic and Treatment Center for an evaluation of his competency to stand trial.  On December 3, 2009, clinical psychologist Charlene A. Cassel submitted a report to the court concluding that appellant was competent to stand trial.  At defense counsel's request and without objection from the state, the report was admitted into evidence.

"[T]he competency issue is one that can be waived by the parties.  A hearing is not required in all situations, only those where the competency issue is raised and maintained." State v. Smith, 8th Dist. No. 95505, 2011–Ohio–2400, ¶ 5.  In Smith, the court held that where a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G).  State v. Asadi–Ousley, 8th Dist. No. 96668, 2012–Ohio–106.

16

While defense counsel in this case did not officially "stipulate" to appellant's competency, her action in asking that the report be admitted into evidence can be interpreted as a failure to maintain the competency issue, as discussed in Smith.

Moreover, the Ohio Supreme Court has held that "there is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory." However, the court also held that "the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." State v. Bock, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

Here, the record reveals no adequate indication of any behavior on the part of the defendant which might indicate incompetency.  Dr. Cassel's conclusion was that he was competent to stand trial.  At his plea colloquy, he stated that he understood the charges against him and the possible sentences he faced.  He stated he understood the rights he was waiving and that he was satisfied with appointed counsel's advice and counsel.  As there is no evidence in the record before us that appellant was incompetent, we find that the failure to hold a hearing in this regard was harmless.

(Doc. 7, RX 24, at 2-4; Clark, 2013 WL 872410, at *1-*2.)

Clark appealed this judgment pro se to the Supreme Court of Ohio.  (Doc. 7,

RX 25-26.)  His first proposition of law in support of jurisdiction was:

A competency hearing is mandatory when prosecutor, or defense raise the issue of the defendant's competence to stand trial before the trial has commenced; the court shall hold a hearing on the issue pursuant to R.C. 2945.37.  When there is indicia of incompetence, the court must determine competency on the record pursuant to R.C. 2945.37, the 14th Amendment to the United States Constitution and Article One, Section 16 of the Ohio Constitution.

(Doc. 7, RX 26, at 3.)  In his argument in support, Clark noted that the court of

appeals had stated that there was no indication of behavior on the part of the

defendant which might indicate incompetency.  (Doc. 7, RX 26, at 3.)  The appellate

17

court had referred to Clark's responses at his plea colloquy, that he understood the charges against him, and that he understood the rights he was waiving. (Doc. 7, RX 26, at 3-4.) In response to the court's assertions in that regard, Clark pointed to "the continued confusion of the defendant and the coercion of the defendant by the prosecutor, defense counsel and the trial court and specifically related to the issue of speedy trial rights." Id. at 4. Clark continued:

> It is apparent throughout the pretrial proceedings that defendant is in a state of confusion and not capable of understanding the proceedings against him. Interestingly, Clark continued to waive his speedy trial rights despite evidence in the transcript for his desire of a speedy trial. Such a defendant is likely incompetent and incapable of assisting in his own defense and appears not capable to waive constitutionally protected rights.

Id.

The respondent argues that "Clark did not fairly present this specific claim [Ground Three] on this specific factual and legal theory in the state court." (Doc. 7, at 13.) The respondent states that Clark "did not base the claim on his waiver of speedy trial rights," when he presented the claim to the court of appeals. Id.

The court is mindful that the petitioner is proceeding pro se. The third ground of his petition is that the trial court erred in violation of state law (Ohio Rev. Code § 2945.37) and the Due Process Clause of the 14th Amendment by the court's failure to hold a pre-trial competency hearing once the issue had been raised. His first assignment on (re-opened) appeal presented that legal issue. His first

proposition of law on appeal (pro se) to the state high court raised the same legal issue. The legal issue as presented to the state courts did not vary.

The respondent points out that Clark did not raise his alleged confusion in connection with his speedy trial waiver as an indicia of incompetence in his appellate brief. His appellate brief argued that Clark had the right to a hearing on the issue of competency because the record contained sufficient indicia of incompetence. Clark pointed out that his competence was raised by defense counsel and the prosecutor, and a psychiatric evaluation was ordered by the court, but a hearing was not held. Trial counsel, after receiving discovery, had requested a competency evaluation, based on "some information in the file," and the prosecutor had conceded that there was a psychiatry history. (Doc. 7, RX 21, at 5, 8-13.)

The court of appeals rejected his claim on two grounds: First, the court held that defense counsel's asking the admission into the record of the evaluation report (finding competency to stand trial) "can be interpreted as a failure to maintain the competency issue," and second, the court found that the failure to hold a mandatory competency hearing was harmless error, because the record failed to reveal sufficient indicia of incompetency. In support of the second reason, the court pointed to the plea colloquy. (Doc. 7, RX 24, at 3-4; Clark, 2013 WL 872410, at *2.)

It is not surprising, then, that Clark, proceeding as a pro se litigant, attempted to point to additional facts to shore up his argument to the state high court. However, his basic legal argument, that the trial court erred by failing to

19

hold a competency hearing after the issue was raised, did not vary throughout the appellate process in the state courts. The court does not find that the third ground was procedurally defaulted.

### C. Fourth Ground: Guilty Plea

The fourth ground of the petition is:

Plea was not made knowingly, intelligently and voluntarily.
Competency was never determined, stipulated to, nor was a hearing
for competency held.

The respondent contends that Clark has procedurally defaulted this claim because he did not raise the claim that his plea was not knowing or voluntary in his direct appeal. (Doc. 7, at 15.)

The record reflects that Clark failed to properly exhaust this claim by raising it on direct appeal. See doc. 7, RX 13. Because the claim was not raised in the state court of appeals, it is barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106. Res judicata would bar Clark from litigating an issue that could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Clark raised the matter of his plea in the context of his Rule 26(B) application to reopen, as a claim of ineffective assistance of counsel that appellate counsel failed to raise on direct appeal. See doc. 7, RX 21 ("trial counsel was

ineffective in assuring that appellant's no contest plea was made knowingly and voluntarily"). However, the Sixth Circuit has ruled that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review." Davie v. Mitchell, 547 F.3d 297, 312 (6th Cir. 2008), cert. denied, 558 U.S. 996 (2009) (citing White v. Mitchell, 431 F.3d 517, 526 (6th Cir. 2005)). See also Muntaser v. Bradshaw, No. 10–3112, 2011 WL 2646551, at *6 (6th Cir. July 6, 2011), cert. denied, 132 S.Ct. 1020 (2012) (Rule 26(B) motion limited to ineffective assistance of appellate counsel claims; cannot preserve underlying substantive claim); Silvey v. Williams, No. 3:09CV2722, 2011 WL 7641014, at *12 (N.D. Ohio Jan. 20, 2011) (citing Davie).

Clark cannot return to state court to exhaust the claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. Hutton, 100 Ohio St.3d at 182, 797 N.E.2d at 956; Gillard, 78 Ohio St.3d at 549, 679 N.E.2d 276. State law no longer would permit Clark to raise the claim, hence it is defaulted. See Williams, 460 F.3d at 806; Adams, 484 F.Supp.2d at 769.

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim. Lott, 261 F.3d at 612. Clark does not address cause and prejudice in his traverse. See generally doc. 10, at 8-9.

21

The petition should not be granted on the basis of the fourth ground of the petition because this claim was never  presented to the Ohio Court of Appeals, thus was not properly exhausted, and is now defaulted.

### D.  First Ground:  Ineffective Assistance of Counsel

The first ground of the petition is:

> Ineffective assistance lack of adversarial process, counsel ineffective provided false information to court regarding competency, did not present mitigating evidence though acknowledging receiving medical records.  Counsel cooperated with the court in excess of 90 day speedy trial rights by consistently having defendant sign time waivers despite defendant's request on record (transcripts) that he receive a speedier trial.  Counsel was manipulative in obtaining a plea bargain from defendant by refusing to prepare for court and providing legally inaccurate info telling defendant prosecutor would agree for him to receive 6 months shock probation.  Shock probation was no longer in Ohio Revise Code.

The respondent contends that the first ground is defaulted in part.  (Doc. 7, at 9, 11-12.)

The first ground, ineffective assistance of trial counsel, has a number of subparts, which can be summarized as:

1.  Counsel was ineffective on the issue of competency;

2.  Counsel was ineffective on the issue of mitigating evidence;

3.   Counsel was ineffective on the issue of speedy trial waivers; and,

4.  Counsel was ineffective by obtaining consent to a plea bargain based on false representations.

The respondent concedes that the first subclaim was fairly presented in the state courts, although the respondent argues that claim is meritless.  However, the

respondent argues that the remainder of the subclaims were never presented to the Ohio courts, and are thus procedurally defaulted.  (Doc. 7, at 11.)

Any ineffective-assistance claims that Clark could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  Coleman, 244 F.3d at 538; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106.  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Clark was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).  Clark did not raise ineffective assistance of counsel, based on either mitigation, speedy trial waiver, or false representations leading to his consent to a plea, in his direct appeal.  (Doc. 7, RX 13, 21.)

The respondent points out that the second and third subclaims appear to be based on issues within the record, and those claims could have been raised on direct appeal, where Clark was represented by new counsel.  (Doc. 7, at 11.)

As to the fourth subclaim, which raised matters outside the record, Clark could have presented that issue in a post-conviction petition pursuant to Ohio Rev. Code § 2953.21, but failed to do so.  (Doc. 7, at 12.)  The time for filing such a petition expired 180 days after the trial transcript was filed in the direct appeal. Ohio Rev. Code § 2953.21(A)(2).  Where a post-conviction petition is filed beyond the 180-day time limitation, Section  2953.23(A) precludes the trial court from

entertaining the petition, except in the cases of two exceptions[1] which do not apply to Clark's petition.  Ohio Rev. Code § 2953.23(A).

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).

Clark does not show cause for the procedural default of his claim of ineffective assistance of trial counsel.  See generally doc. 10.  Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Williams, 460 F.3d at 807.  The first ground of the petition is procedurally defaulted, in part.

### E. Summary

The petition should not be granted on the basis of the second and fourth grounds of the petition because the specific legal claims were never  presented to the Ohio Court of Appeals, thus were not properly exhausted, and are now

---

[1]  The allegations of the petition would not support a finding that Clark was unavoidably prevented from discovering facts upon which the claim is premised (i.e., counsel misrepresented facts to induce plea), nor does he allege a new right recognized by the U.S. Supreme Court which would apply retroactively to his case.

defaulted.  In addition, as discussed above, three of the four subclaims of the first ground are procedurally defaulted.  The court does not find that the third ground, asserting that the trial court erred by failing to hold a competency hearing, was procedurally defaulted.

The court will address the merits of the first and third grounds.


## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL;
## FAILURE TO HOLD COMPETENCY HEARING

The state court of appeals considered Clark's first (failure to hold competency hearing) and second (ineffective assistance of counsel) assignments of error to be related, and considered them together.  (Doc. 7, RX 24, at 2; Clark, 2013 WL 872410, at *1.)

### A.  Failure to Hold Competency Hearing

Clark argued on appeal that the U.S. Supreme Court and the Supreme Court of Ohio have held that due process demands that a criminal defendant who is not legally competent may not be tried or convicted of a crime.  (Doc. 7, RX 21, at 11, citing Pate v. Robinson, 383 U.S. 375 (1966), and Berry, 72 Ohio St.3d at 359, 650 N.E.2d at 438.)  Clark pointed out that Ohio had enacted Ohio Rev. Code § 2945.37 to ensure that a incompetent defendant was not wrongly tried.

Clark asserted that the statutory language dictates that, when the issue of a defendant's competency is raised before trial, the court must hold a competency hearing.  (Doc. 7, RX 21, at 11, quoting Ohio Rev. Code § 2945.37(B).)  Because no

25

hearing was held, Clark contended that the issue became whether or not the failure to hold such a hearing was reversible error or harmless error.  (Doc. 7, RX 21, at 12, citing State v. Bock, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).)  Under Bock, "failure to hold a mandatory competency hearing is harmless error when the record fails to reveal sufficient indicia of incompetence."  Bock, 28 Ohio St.3d at 110, 502 N.E.2d at 1019 (citing Drope v. Missouri, 420 U.S. 162, 180 (1975).)

In affirming the judgment of the trial court, the court of appeals found "the record reveals no adequate indication of any behavior on the part of the defendant which might indicate incompetence."  (Doc. 7, RX 24, at 4; Clark, 2013 WL 872410, at *2.)  The court ruled:  "As there is no evidence in the record before us that appellant was incompetent, we find that the failure to hold a hearing in this regard was harmless."  (Doc. 7, RX 24, at 4; Clark, 2013 WL 872410, at *2.)

The court of appeals also found that the issue of competency could be waived, and that a hearing is only required where the competency issue is raised and maintained.  (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *1, citing State v. Smith, No. 95505, 2011 WL 1935826, at *1 (Ohio Ct. App. May 19, 2011).)  The court found that defense counsel's action in asking that the report (finding competency to stand trial) into evidence could be interpreted as a failure to maintain the issue of competency.  (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *2.)

26

The state court of appeals based its rulings on state case law[2], thus the issue for this habeas court is whether the state court's decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court. A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.

The U.S. Supreme Court has found that a person who lacks the capacity to understand the nature and the object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subject to trial. Drope, 420 U.S. at 171. The Court has characterized this prohibition as "fundamental to an adversary system of justice." Id. at 172.

However, the Court has not prescribed a general standard of the nature or quantum of evidence necessary to require resort to procedures which protect a defendant's due process right not to be tried while incompetent to stand trial. Drope, 420 U.S. at 172 (citing Pate, 383 U.S. at 385). Rather, the Court has approached this issue on a case-by-case basis:

> The import of our decision in Pate v. Robinson is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient.

---

[2] Although the state court of appeals cited only state cases, Bock and Berry both followed precedent set forth in Pate and Drope.

27

> There are, of course, no fixed or immutable signs which invariably
> indicate the need for further inquiry to determine fitness to proceed;
> the question is often a difficult one in which a wide range of
> manifestations and subtle nuances are implicated.

Drope, 420 U.S. at 180.

Here, the state court found "no evidence in the record before us that appellant was incompetent." (Doc. 7, RX 24, at 4; Clark, 2013 WL 872410, at *2.) Clark himself points to no irrational behavior or unusual demeanor. The sole medical opinion before the court, submitted by Clark's own counsel, was the report concluding that he was competent to stand trial. The state court pointed out that Clark responded appropriately during the plea colloquy. See, e.g., Warren v. Lewis, 365 F.3d 529 (6th Cir. 2004) (where defendant found competent to stand trial or enter plea, state court applied Pate in reasonable manner when it failed to sua sponte hold pre-guilty plea competency hearing).

Clark attempts to characterize a discussion concerning a speedy trial waiver as an indicia of incompetence: "continually signing time waivers despite an indication of Clark desiring a speedy trial." (Doc. 10, at 6.) A review of the transcript of the Jan. 22, 2010, pretrial proceeding reveals that , when asked by the court if he is willing to sign a waiver, Clark responds, "I almost don't want to, I have already been incarcerated for four months. But I guess I might as well if there is no way to get a speedier trial." (Doc. 7-8, at 4.) Clark would have the court read this an indication of incompetence. However, as Clark himself stated at the time:

THE DEFENDANT: I'll sign one.

28

> THE COURT:  You're fine, I'm not pushing you to sign one.
>
> THE DEFENDANT: I mean, that's a lot quicker [February 16, rather than March 8].  March seemed like a long time.
>
> THE COURT:  Do you want to sign a time waiver to February 16th?
>
> THE DEFENDANT:  Yeah, I'll sign one.

(Doc. 7-8, at 6.)  The delay was requested by defense counsel in response to a proposal from the prosecutor for resolution, presumably a plea.  (Doc. 7-8, at 3.) The court does not find that, in the context, Clark was demonstrating any sign of confusion or incompetence in signing a speedy trial waiver, while plea negotiations were ongoing.

Clark has failed to demonstrate that the state court decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court.  The petition should not be granted on the basis of the third ground of the petition.

### B.  Ineffective Assistance of Trial Counsel

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012); Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a

29

> strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo, 281 F.3d at 579 (internal citations omitted). See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner. The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard. Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 785 (2011). The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S.Ct. at 788.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting Richter). The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so. Id. at 786; see also Montgomery, 654 F.3d at 676.

The respondent concedes that Clark fairly presented his ineffective assistance claim, on the theory that counsel was ineffective because counsel "provided false information to court regarding competency." Although the "assignment of error" as presented on direct appeal[3] would appear to be directed at the plea, doc. 7, RX 21, at 2, the argument as actually presented to the court of appeals was, in part:

> Appellant's trial counsel made a request for a competency evaluation. Subsequent to this request when the report was prepared, trial counsel mistakenly informed the court that the evaluation was a general psychiatric evaluation, and not a competency evaluation. In doing so, trial counsel failed to ensure that the provisions of R.C. 2945.37 were followed. Due to counsel's misrepresentation, no hearing was conducted. If the hearing had concluded with a finding of incompetency to stand trial, then appellant would not have been allowed to enter a no contest plea. Because the record contains indicia that the defendant's competency to stand trial was an issue, this Court on appeal should rule that the conduct of trial counsel prevented appellant from making a knowing and voluntary plea.

---

[3] The second assignment of error was: "Appellant was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution as trial counsel was ineffective in assuring that appellant's no contest plea was made knowingly and voluntarily." (Doc. 7, RX 21, at 2.)

31

(Doc. 7, RX 21, at 6.)  Clark also argued that "counsel raised the issue of competency, and then failed to ensure that appellant was protected by the safeguards that are put in place."  (Doc. 7, RX 21, at 15.)  Clark asserted that the court should find ineffective assistance of counsel, and reverse his conviction.  (Doc. 7, RX 21, at 15-16.)

The court of appeals found Clark's arguments not well-taken.  The court stated that it was "undisputed that the defense raised the issue of appellant's competence before trial."  The trial court referred the matter for "an evaluation of his competency to stand trial."  The court of appeals then noted that the subsequent report concluded that Clark was competent to stand trial.  "At defense counsel's request and without objection from the state, the report was admitted into evidence."  (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *1.)

The state court of appeals did not address Clark's ineffective assistance claim using the Strickland analysis.  Thus, this court considers whether the state court decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.

The court of appeals recognized defense counsel raised the issue of competency before trial.  (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *1.)  The court noted that trial counsel's "action in asking that the report be submitted into

evidence can be interpreted as a failure to maintain the competency issue." (Doc. 7, RX 24, at 3; Clark, 2013 WL 872410, at *2.) Assuming for the sake of argument that the court thus indicated that counsel's performance fell below an objective standard of reasonableness, the next issue would be whether counsel's errors were so serious as to prejudice the defendant.

To establish prejudice, Clark "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Monzo, 281 F.3d at 579. The state court found that, under state precedent, a failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency. The court found that there was no evidence in the record that appellant was incompetent, and found that the failure to hold a hearing was harmless error. (Doc. 7, RX 24, at 4; Clark, 2013 WL 872410, at *2.)

Therefore, even assuming, for the sake of argument, that the state court found fault with trial counsel's performance, the court found this to be harmless error, thus no prejudice to Clark. This court does not find the state court's ruling on the ineffective assistance claim to be contrary to federal law. The court's application of the law to the facts of the case was not objectively unreasonable. See, e.g., Washington, 228 F.3d at 702. Nor was the state court's decision "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at

33

786-787. The petition should not be granted on the basis of ineffective assistance of counsel, as asserted in the first ground of the petition.

## V. SUMMARY

The petition for a writ of habeas corpus should be denied. The second, fourth, and three of the four subclaims of the first, grounds of the petition are procedurally defaulted. Clark has failed to demonstrate that the state court's rulings on the remaining subclaim of the first ground (ineffective assistance) or the third ground (failure to hold competency hearing) are contrary to federal law.

## VI. RECOMMENDATION

The petition should be denied.

Dated:   Feb. 1, 2016                         /s/ Kenneth S. McHargh
                                              Kenneth S. McHargh
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).