PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM FRANKLIN CLARK, | ) |
| Petitioner, | ) CASE NO. 3:14CV1370 |
| v. | ) JUDGE BENITA Y. PEARSON |
| KEVIN JONES, | ) |
| Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 17, 18] |

Petitioner William Franklin Clark, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The case was referred to Magistrate Judge Kenneth S. McHargh[1] for a Report and Recommendation. The magistrate judge issued a Report recommending that the Petition be dismissed. ECF No. 15. Petitioner filed Objections to the magistrate judge's Report. ECF Nos. 17, 18. Respondent did not respond, and the time to do so had passed. For the following reasons, the Court overrules the objections, adopts the Report, and dismisses the Petition.

## I. Background and Procedural History

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial and convictions. *State v. Clark*, No. L-10-1092, 2011 WL 4337843 (Ohio Ct. App. Sept. 16, 2011). That description is presumed accurate and fully incorporated herein.

---

[1] On October 6, 2016, this case was reassigned to Magistrate Judge David A. Ruiz due to the retirement of Magistrate Judge Kenneth S. McHargh.

(3:14CV1370)

Petitioner first pleaded not guilty, but later changed his plea. Before he changed his plea, the trial court conducted several pretrial hearings. ECF No. 7-4. At Petitioner's counsel's request, the court agreed to refer Petitioner for a "full competency evaluation as well as a general health evaluation." Id. at PageID #: 338–39. At a later proceeding, Petitioner's counsel informed the court that "a general evaluation was prepared" and requested that the report become part of the record. ECF No. 7-5 at PageID #: 343. The hearing continued:

> THE COURT: Did we arraign him prior to ordering this?
>
> [DEFENSE COUNSEL] MS. ROMAN: We did, and this wasn't actually for competency if the Court recalls.
>
> THE COURT: Just a mental health evaluation.
>
> MS. ROMAN: Correct.
>
> [PROSECUTOR] MR. SORG: Judge, that's correct, and I have no objection to that report being entered[.]

Id. at PageID #: 343–44. The court then admitted "the report that was offered [*sic*] December 3rd, 2009 by Charlene Cassel Ph.D." Id.

Dr. Cassel conducted both a psychological examination and a competency evaluation. ECF No. 7-2 at PageID #: 89–106. Dr. Cassel found that although Petitioner had a history of manic behavior, his bipolar disorder was currently under control due to his medication, and Petitioner was "presently capable of understanding the nature and objective of the proceedings against him and of presently assisting his attorney in providing for a defense." Id.

Petitioner ultimately accepted the plea, but later appealed, arguing that his sentence was contrary to law and that the trial court unreasonably sentenced Petitioner to near maximum

(3:14CV1370)

sentences. *State v. Clark*, No. L-10-1092, 2011 WL 4337843 (Ohio Ct. App. Sept. 16, 2011). The Ohio appellate court rejected these arguments and affirmed Petitioner's conviction. *Id.* at *2–3. The Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Clark*, 131 Ohio St. 3d 1438 (Ohio 2012).

Petitioner then filed a Rule 26(B) application to reopen his appeal with the Ohio Court of Appeals. The court granted the motion, finding that there was a genuine issue as to whether Petitioner's appellate counsel was ineffective for failing to raise the issue of the trial court's failure to conduct a competency hearing. *State v. Clark*, No. L-10-1092, 2013 WL 872410 (Ohio Ct. App. Mar. 8, 2013). The Ohio Court of Appeals ultimately overruled Petitioner's assignment of errors, and affirmed the judgment of the lower court. In its findings, the court stated: "On December 3, 2009, clinical psychologist Charlene A. Cassel submitted a report to the court concluding that appellant was competent to stand trial. At defense counsel's request and without objection from the state, the report was admitted into evidence." *Id.* at *1. The Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Clark*, 136 Ohio St. 3d 1450 (Ohio 2013).

Petitioner next filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising four grounds for relief: (1) ineffective assistance of trial counsel on the issues of competency, mitigating evidence, speedy trial waivers, and obtaining consent to a plea bargain based on false representations; (2) ineffective assistance of trial counsel for failing to investigate witnesses and alibi; (3) trial court's error in failing to hold competency hearing; and (4) guilty plea not made knowingly, intelligently, and voluntarily. ECF No. 1. The magistrate judge issued

3

(3:14CV1370)

a Report recommending that the Petition be denied. ECF No. 15. The magistrate judge found that the second, fourth, and three of the four subclaims of the first grounds of the Petitioner were procedurally defaulted. *Id.* at PageID #: 479. The magistrate judge also recommended that the first subclaim of the first ground, as well as the third ground, be denied because Petitioner has failed to demonstrate that the state court's rulings are contrary to federal law. Petitioner timely filed Objections. ECF Nos. 17, 18.

## II. Standard of Review

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*.

4

(3:14CV1370)

(citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Discussion

Petitioner argues that the magistrate judge erred by accepting the state appellate court's findings as true; the Ohio appellate court misapplied *State v. Bock*, 28 Ohio St.3d 108 (1986) and *State v. Smith*, No. 95505, 2011 WL 1935826 (Ohio Ct. App. May 19, 2011); and Petitioner's claims related to his guilty plea and ineffective assistance of counsel are not procedurally defaulted. For the following reasons, the Court overrules the objections.

**A. The Competency Report**

Petitioner first objects to the magistrate judge's "assumption" the Ohio Court of Appeal's factual findings were correct. ECF No. 17 at PageID #: 481. In particular, Petitioner takes issue with the state appellate court's finding that Dr. Cassel's competency report was submitted into evidence. *Id.* (citing ECF No. 15 at PageID #: 450). In the alternative, Petitioner argues that he has submitted clear and convincing evidence to overcome the presumption in favor of the state court's findings. *Id.* at PageID #: 482.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). This presumption also extends to state appellate courts' factual findings

5

(3:14CV1370)

based on the trial record. *Bowling v. Parker*, 344 F.3d 487, 497 (6th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004). The presumption of correctness may be rebutted only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also*, *e.g.*, *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002); *Warren v. Smith*, 161 F.3d 358, 360–361 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999) (holding that because evidence existed in the record to support the state court's finding, petitioner's evidence to the contrary was not enough to override the presumption).

In his report, the magistrate judge noted that the state appellate court found that Dr. Cassel had submitted her competency report to the court. ECF No. 15 at PageID #: 450. The magistrate judge went on to state: "This court must assume that the appellate court's statement was based on the trial court record before it, and thus both sections of Dr. Cassel's two-part Dec. 3, 2009, report had been admitted into the record." *Id*.

Petitioner takes issue magistrate judge's use of "assumption," rather than "presumption," arguing that the magistrate judge accepted the state court's finding as "truth without proof." ECF No. 17 at PageID #: 481. There is no evidence, however, that the magistrate judge blindly accepted the trial court's finding in this manner. In fact, in the next sentence, he noted that "[Petitioner] has not submitted clear and convincing evidence which would overcome the *presumption* of correctness in the state court's factual recitation." ECF No. 15 at PageID #: 450 (emphasis added). A reasonable reading of the Report indicates that the magistrate judge used "assume" and "presume" as synonyms. Without further evidence, there is no reason to find that the magistrate judge improperly adopted the trial court's findings.

6

(3:14CV1370)

In the alternative, Petitioner contends that he has presented clear and convincing evidence to overcome the presumption in favor of the state appellate court's finding that the competency report was admitted into evidence. Petitioner presents only the transcript from the December 7, 2009 pretrial in support, arguing that the trial court ordered two reports, but "receives, reviews, and acknowledges in open court and only admits one of the reports per transcript proceedings." ECF No. 17 at PageID #: 481 (citing ECF No. 7-5 at PageID #: 341–46); ECF No. 18 at PageID #: 491–92. From this discussion, Petitioner concludes that the court only received the first portion of Dr. Cassel's report (the mental health evaluation) and not the second part (the competency evaluation). ECF No. 17 at PageID #: 482.

Petitioner has not submitted clear and convincing evidence to overcome the presumption, and there is evidence in the record to support the state court's finding. *See Warren*, 161 F.3d at 360–361. First, Dr. Cassel's competency evaluation is in the record. ECF No. 7-2 at PageID #: 99–106. It is reasonable to conclude that it was submitted with Dr. Cassel's psychological evaluation (*id.* at PageID #: 89–98) as one is marked "Exhibit A" and the other "Exhibit B," indicating that the reports were submitted together, as a pair *Id.* at PageID #: 89, 99. Second, in the November 10, 2009 pretrial proceeding directly preceding the December 7, 2009 proceeding, Petitioner's counsel clearly indicated that she was requesting a competency evaluation and a health evaluation. ECF No. 7-4 at PageID #: 338–39. The court granted both requests, and ordered that Petitioner be evaluated for both mental health and competency. *Id.*; ECF No. 7-2 at PageID #: 87, 190. Furthermore, at the December 7, 2009 hearing, the court broadly admitted

(3:14CV1370)

"the report that was offered December 3rd, 2009 by Charlene Cassel Ph.D." (ECF No. 7-5 at PageID #: 344) rather than just "Exhibit A" or "the psychological evaluation."

For these reasons, the Court finds that Petitioner has not overcome the presumption in favor of the state court's findings, and overrules the objections.

### B. Ohio Court of Appeals' Decision

Petitioner disagrees with the Ohio appellate court's finding that "the failure to hold a mandatory competency hearing [under Ohio Rev. Code § 2945.37(B)] is harmless error where the record fails to reveal sufficient indicia of incompetency." ECF No. 7-2 at PageID #: 283–84; *see also* ECF No. 18 at PageID #: 487, 490–91, 492–93. Petitioner argues that the appellate court erred in relying on *State v. Bock*, 28 Ohio St. 3d 108 (1986) and *State v. Smith*, No. 95505, 2011 WL 1935826 (Ohio Ct. App. May 19, 2011), in which the courts held that failure to hold a competency hearing was harmless error. Petitioner contends that his case is distinguishable because the *Bock* and *Smith* defendants went to trial or stipulated to competency. ECF No. 17 at PageID #: 483–85; ECF No. 18 at PageID #: 490–91. Petitioner also argues that the Ohio Corut of Appeals' decision violated the Fourteenth Amendment to the United States Constitution, as well as Ohio's own precedent. ECF No. 17 at PageID #: 484–85 (citing *In re Andrew W.*, No. 13-CA-24, 2014 WL 1480406 (Ohio App. Ct. Apr. 11, 2014)); ECF No. 18 at PageID #: 487, 490–91, 492 (citing U.S. Const. amend. XIV and various Ohio cases, including *State v. Asadi-Ousley*, No. 96668, 2012 WL 114269 (Ohio Ct. App. Jan. 12, 2012); *State v. Dowdy*, No. 96642, 2012 WL 1951929 (May 31, 2012); and *State v. Macon*, No. 96618, 2012 WL 1435150 (Apr. 26,

8

(3:14CV1370)

2012)). Essentially, Petitioner argues that when the issue of a defendant's competency is raised before trial, the court must always hold a competency hearing. ECF No. 17 at PageID #: 483–84.

Under 28 U.S.C. § 2254, a court may issue a writ of habeas corpus only under two circumstances: first, if the state court decision "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or second, if the decision "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2002) (citing 28 U.S.C. § 2254). A state court decision is "contrary to" clearly established Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases. *Id.* at 405. Accordingly, unless the Ohio Court of Appeals' decision that the failure to hold a competency hearing constituted harmless error is contrary to clearly established federal law, the Court cannot issue a writ of habeas corpus.

The United States Supreme Court has not articulated the type of bright-line rule for which Petitioner advocates. Instead, the Supreme Court has stated that competency should be evaluated on a case-by-case basis. *Drope v. Missouri*, 420 U.S. 162 (1975) (expanding on the holding in *Pate v. Robinson*, 383 U.S. 375 (1966), in which the Supreme Court held that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process rights). The Supreme Court instructed trial courts to look at factors such as evidence of the defendant's irrational behavior, his demeanor at trial, or any prior medical opinion on competence to stand trial. *Id*. Therefore, the Ohio appellate court did not act contrary to clearly established federal law when it looked at the

(3:14CV1370)

specifics of Petitioner's case and determined that the failure to conduct a competency hearing was harmless error. ECF No. 7-2 at PageID #: 283–84.

For these reasons, the Court overrules Petitioner's objections.

**C. Procedural Default**

Petitioner objects to the magistrate judge's finding that his claim regarding his guilty plea was procedurally defaulted. ECF No. 18 at PageID #: 488. He argues that because he was never evaluated for competency, he cannot have waived this defense. *Id.* In the alternative, Petitioner argues that he briefed these issues in the state courts. ECF No. 18 at PageID #: 488, 493.

A habeas claim may be procedurally defaulted in two ways. "First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). "Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review process.'" *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

Petitioner's argument that he could not have waived the defense is predicated on his belief that he is incompetent. As determined by the Ohio state courts and discussed above, however, Petitioner was never deemed incompetent. Therefore, his argument is without merit.

Petitioner's contention that he raised this argument in the Ohio Court of Appeals is also without merit. Petitioner only raised the issue of whether his guilty plea was knowing and voluntary in his application to reopen his case pursuant to Rule 26(B). ECF No. 7-2 at PageID #:

10

(3:14CV1370)

179–87. Petitioner did not raise this argument directly, but instead used it as evidence of his trial counsel's ineffective assistance. *Id*. This was insufficient to preserve Petitioner's claim. As the Sixth Circuit had held, bringing an ineffective assistance claim "does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (citing *White v. Mitchell*, 431 F.3d 517, 625 (6th Cir. 2005)). Similarly, Petitioner cannot say that he presented his argument to the Ohio Supreme Court. Although Petitioner raised the argument in his appeal to the Ohio Court of Appeals' new opinion to the Ohio Supreme Court, it did not preserve this argument, as the Ohio Supreme Court does not adjudicate constitutional claims not presented to the Ohio Court of Appeals. Ohio Const. art. IV, § 2(B)(2); *see also Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985); *cert. denied* 474 U.S. 831.

Petitioner also objects to the magistrate judge's finding that he has not demonstrated cause and prejudice to excuse the default of his ineffective assistance of counsel claims. *Williams*, 460 F.3d at 807. Petitioner contends that the victim of his crime prevented him from accessing witnesses, and his attorney failed to adequately investigate the witnesses. ECF No. 18 at PageID #: 493. These arguments do not excuse Petitioner's failure to bring his ineffective

11

(3:14CV1370)

assistance claims when directly appealing the case.[2]  Accordingly, this argument is without merit.

For these reasons, the Court overrules Petitioner's objections.

### IV.  Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts the magistrate judge's Report and Recommendation, and dismisses the Petition.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 April 28, 2017                              /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                             United States District Judge

---

[2] Although Petitioner presented arguments concerning ineffective assistance of counsel on direct appeal, these arguments were made on different theories of ineffectiveness, and, therefore, did not preserve his new arguments. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (noting that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.").